UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MCCOY, | No. 2:18-cv-2180 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| SKY MASSEY, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief under 42 U.S.C. § 1983. Plaintiff has paid the filing fee. The case is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The First Amended Complaint, ECF No. 13, is before the court for screening.[1]

I.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

---

[1] Plaintiff's motions for leave to file a supplemental and/or amended complaint, ECF Nos. 11 & 12, will be denied as moot.

1    A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."
2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3    Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal
4    theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,
5    640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as
6    stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a
7    constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
8    Franklin, 745 F.2d at 1227-28 (citations omitted).

9    "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
10   claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
11   what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550
12   U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
13   "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
14   of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,
15   680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure
16   to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
17   cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
18   speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain
19   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
20   cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur
21   R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

22   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
23   relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
24   Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
25   content that allows the court to draw the reasonable inference that the defendant is liable for the
26   misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this
27   standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.
28   Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

## II.   THE COMPLAINT

Plaintiff brings suit against five members of the medical staff at Mule Creek State Prison, where he was formerly incarcerated. It appears that Massey is a nurse and Horowitz a doctor; the roles of Nartej, Ruas and Matharu are unclear.

The amended complaint alleges as follows. Plaintiff was assaulted by another inmate on March 17, 2018 and suffered an injury to his jaw. He was seen by nurse Massey, who refused to order an x-ray and sent plaintiff to his cell with an ice pack and motrin. Plaintiff told Massey that he thought his jaw was broken, but Massey did not listen because the custody officers who escorted him to medical told her he was fine. Later that day, after his swelling and pain got worse, plaintiff was taken to the outside hospital where an x-ray revealed a fractured jaw. While plaintiff was in the hospital a nurse told him that prison staff had called with instructions not to treat plaintiff. He was then returned to the institution without his jaw being stabilized.

Back at the prison, plaintiff's pain was inadequately treated and the orders of the outside doctor were not carried out. Plaintiff's complaints were ignored when hostile custody staff told medical staff that he was okay. On March 21 plaintiff had a dental x-ray taken, which showed three independent factures. Non-defendant Sgt. Feltner and three officers entered the exam room, cuffed plaintiff up aggressively, smashed his face into the wall, and placed him in a holding cage. Sgt. Feltner said, "… We don't care what jaw fractures you have[,] the [doctors] do what we tell them."

Plaintiff was returned to his cell where he continued to experience severe, untreated pain and was unable to eat solid foods for an unspecified period of time. His complaints and requests for interviews were ignored. Plaintiff alleges that custody officials "maliciously roadblocked" plaintiff's treatment and caused the defendant medical providers to provide inadequate treatment.

## III.   FAILURE TO STATE A CLAIM

To state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate

3

indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. See, Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990). The requisite state of mind is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4 (1992).

Plaintiff has articulated a cognizable theory of deliberate indifference: that medical staff withheld treatment because of pressure from custody staff, and therefore were not exercising their medical judgment at all.[2] However, the allegations of the amended complaint are not sufficient to state a claim for relief against any defendant.

Under Section 1983, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff must allege each defendant's specific role in depriving him of his rights. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Nurse Massey is the only defendant whose actions are specified in the amended complaint. While plaintiff alleges that Massey failed to order x-rays immediately after the assault, and that the escort officer told her that he had been in a fight and was fine, this is not enough to support an inference of deliberate indifference. Moreover, the amended complaint

---

[2] On the other hand, a difference of opinion between prison medical staff and outside doctors, or between plaintiff and any medical professional, will not support an Eighth Amendment claim. Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996).

4

alleges that plaintiff saw Nurse Massey again later the same day, and he was then taken to an outside hospital for x-rays. The delay accordingly appears to have been minimal, and here are no allegations of harm from the delay itself. See Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 408 (9th Cir. 1985) (without more, delayed treatment does not violate Eighth Amendment).

There are no specific factual allegations against defendants Horowitz, Nartej, Ruas or Matharu. Plaintiff's general allegations that these individuals are responsible for providing medical care to inmates do not support liability. See Johnson, 588 F.2d at 743. In order to maintain a claim against any of these defendants, plaintiff must specify what he or she did, or didn't do, that deprived plaintiff of necessary care for his broken jaw during the period of time addressed in the complaint. Also, the allegations regarding statements made by the hospital nurse and by Sgt. Feltner are not enough to support a deliberate indifference theory as to any of the medical providers. If plaintiff's theory is that the medical staff withheld care due to pressure from custody staff, he must present facts demonstrating that the name defendants were personally pressured by custody staff into withholding care that they knew was medically indicated.

For these reasons the amended complaint fails to state a claim and will not be served. Plaintiff will be given the opportunity to file a second amended complaint.

IV.   LEAVE TO AMEND

Plaintiff is being given the opportunity to amend the complaint. If plaintiff chooses to file a second amended complaint, it will take the place of the instant complaint. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012). Any amended complaint should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Plaintiff must provide facts showing the role of each defendant in violating his rights. Johnson v. Duffy, 588 F.2d at 743.

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging

5

1 | new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Each defendant
2 | should be identified by full name if possible, occupation, title if any, and department.

3 |       Any amended complaint must be written or typed so that it is complete in itself without
4 | reference to any earlier filed complaint. See L.R. 220 (E.D. Cal. 2009). This is because an
5 | amended complaint supersedes any earlier filed complaint, and once an amended complaint is
6 | filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375
7 | F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being
8 | treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693
9 | F.3d 896 (2012).

10 |     V. <u>PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT</u>

11 |       Your First Amended Complaint has been screened. The court finds that it does not state a
12 | claim for relief, so it will not be served. You may amend the complaint again, to clarify exactly
13 | what each individual defendant did to deny you medical care, and to show how they were
14 | influenced by custody staff to deny you care. Without that information the court cannot tell
15 | whether the events you are complaining about support legal claims for relief. If you choose to
16 | amend your complaint, the second amended complaint must include all of the claims you want to
17 | make because the court will not look at the claims or information in the original complaint. **Any**
18 | **claims not in the Second Amended Complaint will not be considered.**

19 |                                                                        CONCLUSION
20 |       Accordingly, IT IS HEREBY ORDERED that:
21 |       1. Plaintiff's First Amended Complaint, ECF No. 13, has been screened and found not to
22 | state a claim for relief.
23 |       2. Within thirty days from the date of service of this order, plaintiff may file an amended
24 | complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
25 | Procedure, and the Local Rules of Practice. The amended complaint must bear the docket
26 | number assigned this case and must be labeled "Second Amended Complaint." Plaintiff must file
27 | an original and two copies of the amended complaint. Failure to file an amended complaint in
28 | accordance with this order will result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

4. Plaintiff's motions at ECF Nos. 11 and 12 are DENIED as moot.

DATED: April 12, 2021

*(signature)*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MCCOY,<br><br>            Plaintiff,<br><br>    v.<br><br>SKY MASSEY, et al.,<br><br>            Defendants. | No.  2:18-cv-2180 WBS AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

<u>CHECK ONE</u>:

_____    Plaintiff would like to proceed immediately on his Eighth Amendment claims against defendants Sky Massey, Robert Rudas, Narjet Rana, Dr. Horowitz and Kahir Matharu.  By choosing to go forward without amending the complaint, plaintiff:  (1) consents to the dismissal without prejudice of the cruel and unusual punishment claims against the aforementioned, and (2) chooses to forego any related and/or potentially viable claims against them and any other potential, yet to be named defendants.

_____    Plaintiff would like to amend the complaint.

DATED: _____

                                                                      JASON MCCOY<br>
                                                                       Plaintiff Pro Se