UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MCCOY, | No. 2:18-cv-2180 AC P |
| Plaintiff, | |
| v. | ORDER |
| SKY MASSEY, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief under 42 U.S.C. § 1983. The case is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Second Amended Complaint, ECF No. 16, is before the court for screening.

I. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

////

## II.     THE SECOND AMENDED COMPLAINT

Plaintiff brings suit against five members of the medical staff at Mule Creek State Prison, where he was formerly incarcerated. Defendant Massey is a nurse; defendants Horowitz, Rudas, Rana and Matharu are doctors.

Claim One of the SAC alleges that R.N. Massey and Dr. Horowitz were deliberately indifferent to plaintiff's serious medical need on March 17, 2018, after plaintiff was assaulted by another inmate and suffered an injury to his jaw. Plaintiff was taken to the Triage Treatment Area and seen by Nurse Massey. Plaintiff realized from past experience that his jaw was broken. He explained this to Massey, and requested to see a doctor and have an x-ray. Nurse Massey refused these requests despite knowledge of a likely broken bone, because custody staff told her to only treat plaintiff for swelling; they told Massey that if she diagnosed a broken bone they would have to write up the other inmate for assault, which they did not want to do. Massey accordingly sent plaintiff back to his cell with only an ice pack and Motrin. Twelve to thirteen hours later, plaintiff was returned to the Triage Treatment Area due to swelling and pain. Nurse Massey and Dr. Horowitz knew that the prison had a dental x-ray machine that could take an image of plaintiff's jaw, but instead of using it they had him sent to an outside hospital for x-rays. This delayed the diagnosis of plaintiff's broken jaw.

Claims Two and Three allege that medical personnel at San Joaquin General Hospital diagnosed plaintiff's fracture and ordered that he receive a soft/liquid diet on return to the prison.[1] Back at the prison, however, all defendants ignored these orders "for two whole days" despite knowing that plaintiff could not chew solid food.

## III.    FAILURE TO STATE A CLAIM

To state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and

---

[1] Claims Two and Three rely on the same facts. Claim Two is framed in terms of cruel and unusual punishment, and Claim Three is terms of deliberate indifference.

3

that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. See, Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990). The requisite state of mind is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4 (1992).

Claim One is predicated on an alleged delay in diagnosis of plaintiff's fractured jaw, but there are no facts demonstrating that the delayed x-rays cause plaintiff any harm. To establish a claim of deliberate indifference arising from delay in providing care, plaintiff must show that the delay itself was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Plaintiff does not indicate that he received any treatment at San Joaquin General Hospital that he would have received sooner had the facture been confirmed earlier, or that any additional injury was caused by the passage of time between the injury and the diagnosis. Accordingly, the allegation of delayed diagnosis—even assuming a deliberately indifferent state of mind on the parts of the defendants—is insufficient to state a claim for relief.

Claims Two and Three are both based on a two-day failure to provide a liquid/soft diet. The undersigned is unaware of authority for the proposition that two days without food rises to the level of an Eighth Amendment violation. The Ninth Circuit has held that denial of 16 meals over 23 days constitutes a serious deprivation within the meaning of the Eighth Amendment. Foster v. Runnels, 554 F.3d 807, 812-813 (9th Cir. 2009). Other cases finding a sufficiently serious deprivation involve the plaintiff being deprived of food entirely for *more than* two consecutive days. See Cooper v. Sheriff of Lubbock Co., 929 F.2d 1078, 1082-83 (5th Cir. 1991); Reed v. McBride, 178 F.3d 849, 853 (7th Cir. 1999); Robles v. Coughlin, 725 F.2d 12, 16 (2d Cir. 1983). Moreover, the SAC is devoid of allegations showing that plaintiff suffered any injury from the alleged temporary inability to eat.

4

For these reasons the amended complaint fails to state a claim and will not be served. Plaintiff will be given the opportunity to file a third amended complaint.

IV. LEAVE TO AMEND

Plaintiff will be given a final opportunity to amend. If plaintiff chooses to file a third amended complaint, it will take the place of the instant complaint. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012). Any amended complaint should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Plaintiff must provide facts showing the role of each defendant in violating his rights. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Each defendant should be identified by full name if possible, occupation, title if any, and department.

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See L.R. 220 (E.D. Cal. 2009). This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

V. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Your Second Amended Complaint has been screened. Even though this complaint does a much better job of explaining who did what that violated your rights, the court finds that it still does not state a claim for relief. You may amend the complaint one more time if you have facts to add which will show (1) how the delay in x-rays harmed you, and (2) how the denial of a soft/liquid diet for two days harmed you.

If you choose to amend your complaint, the third amended complaint must include all of

the claims you want to make because the court will not look at the claims or information in the original complaint.  **Any claims not in the Third Amended Complaint will not be considered.**

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Second Amended Complaint, ECF No. 16, has been screened and found not to state a claim for relief.

2. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: May 24, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE