1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JASON MCCOY,                          No.  2:18-cv-2180 WBS AC P

12                 Plaintiff,

13        v.                               ORDER

14   SKY MASSEY, et al.,

15                 Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §

18   1983.  On August 9, 2021, plaintiff a motion for appointment of counsel and to change filing

19   status, ECF No. 20, and an application to proceed in forma pauperis, ECF No. 21.  For the

20   reasons stated below, plaintiff's request to change his filing status and proceed in forma pauperis

21   will be granted, and the motion for appointment of counsel will be denied.

22        I.        REQUEST TO CHANGE FILING STATUS AND PROCEED IN FORMA

23                  PAUPERIS

24        Plaintiff, who has paid the filing fee in full, now seeks to change his filing status to in

25   forma pauperis.  He explains that since the inception of this case he has divorced and his financial

26   status has changed drastically.  See ECF No. 20 at 1.  In light of his changed circumstances,

27   plaintiff believes that he will be unable to pay for service, copying, and other costs.  See id.

28   Plaintiff has filed a completed in forma pauperis application.  See ECF No. 21.

                                          1

A review of plaintiff's application indicates that he makes the showing required by 28 U.S.C. § 1915(a)(1)-(2).  See ECF No. 21.  Accordingly, the request to proceed in forma pauperis will be granted.  Because the filing fee has been paid in full, there is no need for an order directing the California Department of Corrections and Rehabilitation to collect it.  Going forward, plaintiff will be treated as a plaintiff proceeding in forma pauperis.

II. MOTION FOR APPOINTMENT OF COUNSEL

In support of his request for the appointment of counsel, plaintiff states that this action is complex, that he is in the prison's mental health program, and that he sometimes has problems comprehending and understanding the law and how it works.  See id.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education or a general inability to "understand[] the law and how it works" (ECF No. 20 at 2), do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

The court notes that to date, plaintiff has been able to file original, first, and second amended complaints in this action (see ECF Nos 1, 13, 16), and he has demonstrated suffcient understanding of these proceedings to file motions for leave to file an amended complaint and to file a supplement to a complaint (see ECF Nos. 11, 12).  Furthermore, plaintiff provides no information in the request for counsel appointment that would support his claimed mental health ailments and related difficulty with understanding these proceedings.  See generally ECF No. 20.
////

2

1   For these reasons, in the present case, the court does not find the required exceptional

2   circumstances.

3          Accordingly, IT IS HEREBY ORDERED that:

4          1.  Plaintiff's motion to proceed in forma pauperis, ECF No. 21, is GRANTED; and

5          2.  Plaintiff's motion for the appointment of counsel, ECF No. 20, is DENIED.

6   DATED: August 12, 2021

7

8          ALLISON CLAIRE
           UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    3