UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MCCOY, | No. 2:18-cv-2180 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| SKY MASSEY, et al., | |
| Defendants. | |

On August 18, 2022, plaintiff's motion for settlement conference was docketed.[1] ECF No. 46. In support of the motion, plaintiff alleges that defendants' decision to opt out of the Alternative Dispute Resolution Program ("ADR Program") was done "to delay the course of this litigation and to prevent [him] [sic] from warranted relief." Id. at 2 (brackets added). Plaintiff further argues that as of August 12, 2022, – the date he signed the instant motion – defendants had yet to file an answer to his complaint, making it untimely. Id. at 2-4.

The motion must be denied. Parties can be ordered to participate in settlement negotiations. See generally Fed. R. Civ. P. 16(f)(1)(A) (stating court may issue just orders for sanctions if party fails to participate in conference in good faith). Parties cannot, however, be

////

---

[1] Three days earlier, a similar request filed by plaintiff was docketed. ECF No. 45 at 1-2. On August 24, 2022, that motion was denied. ECF No. 48.

1

forced to settle. Consequently, defendants were within their rights to opt out of the ADR Program. Plaintiff would have been within his rights to opt out as well.

As for plaintiff's argument that the court should order a settlement conference because defendants' response to his complaint was untimely filed, plaintiff fails to point to (and the court is not aware of) any law which obligates parties to revisit settlement negotiations if a responsive pleading is not timely filed. Furthermore, when plaintiff signed the instant motion on August 12, 2022 (see ECF No. 46 at 4-5), defendants still had a number of days left to file the answer. Therefore, the instant motion was premature at the time it was filed.[2] For these reasons, plaintiff's motion for a settlement conference will be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff motion for a settlement conference (ECF No. 46) is DENIED.

DATED: September 1, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2] Additionally, even though defendants' answer would, in fact, be filed a day late on August 25, 2022 (see ECF No. 49), the same day defendants filed their answer, defendants requested (and eventually received) an extension of time after the fact. See ECF Nos. 50, 51 (defendants' nunc pro tunc extension of time request and court's grant of request). Therefore, defendants' answer to the complaint was timely. Finally, the date of defendants' filing of their answer does not appear to have prejudiced plaintiff in any way.