UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MCCOY, | No.  2:18-cv-2180 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| SKY MASSEY, et al. | |
| Defendants. | |

Before this court is plaintiff's motion for reconsideration of this court's denial of an extension of time to serve written discovery.  ECF No. 64.  For the reasons stated below, the motion will be denied.

I.   MOTION FOR RECONSIDERATION

In support of reconsideration, as with the original motion to extend discovery, plaintiff states that he was placed in administrative segregation on September 16, 2022.  This resulted in him being separated him from his personal and legal property until November 16, 2022, when a staff sergeant was able to obtain part of his legal work for him.  Compare ECF No. 55 at 3 (November 2022 ad seg argument), with ECF No. 64 at 2 (instant ad seg argument).

The present motion elaborates that when plaintiff was sent to administrative segregation, his legal documents were with a jailhouse lawyer; despite his efforts, he was unable to have them returned to him until November 16, 2022, when the staff sergeant assisted him.  ECF No. 64 at 3.

1

During this time plaintiff did not have the case number. Plaintiff states that he did not sit idly by and wait for the court to rule on the original motion for an extension of time. Instead, he sent the written discovery to defendants and to this court on December 12, 2022, even though he is a layman and "had never filed a discovery" before. Id. at 3. Plaintiff argues that his delay constitutes excusable neglect, and that defendants would not be prejudiced by permitting the extension of discovery. Id. at 5-6.

## II. DISCUSSION

The motion for reconsideration must be denied. "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)); Cunningham v. Kramer, 178 F. Supp. 3d 999, 1002 (E.D. Cal. 2016) (citing Marlyn).

The additional factual detail now provided—e.g., that plaintiff's legal documents were with a jailhouse lawyer, and that plaintiff did not have the case number—do not constitute newly discovered evidence. Plaintiff has repeated and elaborated on his arguments why the court should have exercised its discretion differently, but a motion for reconsideration must not merely reargue the original matter. Plaintiff has not identified any clear error, and there has been no intervening change in the controlling law. Accordingly, there are no grounds for reconsideration.

For these reasons, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF No. 64) is DENIED.

DATED: March 2, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE